IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
---------------------------------------------------  :
LAWRENCE THOMPSON                                    :
                                    Plaintiff       :  CASE NO. 5:05 CV 804
                                                    :
               -vs-                                 :
                                                    :  MEMORANDUM OF OPINION
                                                    :  AND ORDER
                                                    :
MARGARET BRADSHAW, et al.                           :
                                                    :
                                    Defendants      :
---------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 25 March 2005, plaintiff *pro se* Lawrence Thompson filed the above-captioned action under 42 U.S.C. § 1983 against Mansfield Correctional Institution Warden Margaret Bradshaw, Assistant Warden Sally Glover, Unit Manager John Dunn, and Unit Manager Jennifer Risinger.  Mr. Thompson claims the defendants failed to protect him from an inmate attack, denied him adequate medical care, and denied him due process.  He seeks compensatory and punitive damages as well as injunctive relief.

**I.  BACKGROUND**

Mr. Thompson alleges that, in July 2003, Defendant Dunn assigned him to the same cell as inmate Frank Brown.  He claims that inmate Brown behaved aggressively toward him, threatened him with physical harm if he broke any of the "cell rules" inmate Brown imposed, that inmate Brown smoked in the cell causing Mr. Thompson to have difficulty

breathing, and that inmate Brown was extorting Mr. Thompson financially and forcing him to purchase certain commissary items for Mr. Brown. Mr. Thompson claims he complained to Mr. Dunn about Mr. Brown's behavior but was not moved to a different cell.

On 1 September 2003, Mr. Thompson allegedly suffered an unprovoked attack by Mr. Brown which left him unconscious. After the incident, Mr. Thompson was taken to the prison infirmary and then transferred to Mansfield General Hospital. At Mansfield General, it was determined that Mr. Thompson had two fractures to his eye socket, and he received six staples to close his head wounds. Ultimately, Mr. Thompson was transferred to the Correctional Medical Center in Columbus where he was treated for his injuries and remained hospitalized for eighteen days.

Upon his return to the Mansfield Correctional Institution, he was placed in security control unit. When he complained of this assignment, he was told by Ms. Glover that he was not there for a "disciplinary or protective custody reason" but rather for "adjustment reasons (or the lack thereof)." (Compl. at ¶ 20). When he attempted to appeal this placement, he was told by both Ms. Bradshaw and Institution Inspector, Sharon Berry, that he could not appeal the assignment because his placement there was not the result of a conduct report. After spending two months in security control, Mr. Thompson filed a formal grievance against Defendant Bradshaw with the Ohio Department of Rehabilitation and Correction Chief Inspector. Within days of filing the grievance, Mr. Thompson was released from security control into the general population of the prison.

Mr. Thompson further alleges that, during his stay in security control, he continued to suffer from blurred vision and severe pain as a result of his injuries and was not provided

2

with adequate medical care. Although he purportedly requested medical attention on several occasions for his medical problems, he indicates that Ms. Risinger, Unit Manager for the security control unit, delayed and/or denied him access to necessary medical care.

## II. ANALYSIS

In his complaint, Mr. Thompson raises three separate Section 1983 claims: 1) Failure by defendant Dunn to take reasonable measures to protect plaintiff from harm in violation of his Eighth Amendment right to be free from cruel and unusual punishment (count one); 2) Denial by defendant Risinger of adequate medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment (count two); and 3) Arbitrary placement of Mr. Thompson, by defendants Bradshaw and Glover, in a security control unit in violation of his Fourteenth Amendment right to due process (count three).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available state administrative remedies before seeking review of prison conditions in federal court. 42 U.S.C. § 1997(e)(a); see also Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To demonstrate exhaustion, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome." Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000); see also Boyd v. Corrections Corp. of America, 380 F.3d 989, 994 (6th Cir. 2004). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493,

3

504-05 (6th Cir. 2001). In the absence of specific allegations "concerning exhaustion showing the nature of the administrative procedure and its outcome," the action must be dismissed pursuant to Section 1997(e). Knuckles-El, 215 F.3d at 642. Although the exhaustion requirement is not a jurisdictional prerequisite, it is a mandatory requirement that must be met before the Court considers the merits of any prisoner claims. Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or Inspector of Institutional Services. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. For all complaints regarding the Warden or Inspector of Institutional Services, the inmate must file a grievance directly to the office of the chief inspector, and the chief inspector's decision is final. OHIO ADMIN. CODE § 5120-9-31(L).

While it appears that Mr. Thompson satisfied Section 1997(e)'s exhaustion requirement with regard to placement in the security control unit as against Warden

4

Bradshaw, there is no indication that he exhausted his administrative remedies for his claims pertaining to Assistant Warden Glover, the inmate assault, or the denial of medical care while he was housed in security control. He did not attach copies of any grievances or dispositions of such grievances related to these individuals or incidents and provides no allegations of exhaustion of administrative remedies in the body of his complaint. Accordingly, Mr. Thompson's claims against defendants Glover, Dunn, and Risinger will be dismissed for failure to exhaust administrative remedies.

### III. CONCLUSION

For the reasons set forth above, Mr. Thompson's Eighth Amendment claims against defendants Dunn and Risinger (counts one and two) and his Fourteenth Amendment claim against defendant Glover are dismissed without prejudice pursuant to 42 U.S.C. § 1997e. This case will proceed solely on Mr. Thompson's Fourteenth Amendment due process claim against defendant Bradshaw.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 22 April 2005