IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
---------------------------------------------------  :
LAWRENCE THOMPSON                                    :
                                      Plaintiff     :   CASE NO. 5:05 CV 804
                                                     :
              -vs-                                   :
                                                     :   MEMORANDUM OF OPINION
                                                     :   AND ORDER
                                                     :
MARGARET BRADSHAW, et al.                            :
                                                     :
                                      Defendants    :
---------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 25 March 2005, plaintiff *pro se* Lawrence Thompson filed the above-captioned action under 42 U.S.C. § 1983 against Mansfield Correctional Institution Warden Margaret Bradshaw, Assistant Warden Sally Glover, Unit Manager John Dunn, and Unit Manager Jennifer Risinger. (Docket #1). Mr. Thompson claims the defendants failed to protect him from an inmate attack, denied him adequate medical care, and denied him due process. On 22 April 2005, this Court issued an order dismissing *sua sponte,* due to his failure to exhaust administrative remedies, all of Mr. Thompson's claims except for his due process claim against defendant Bradshaw for arbitrarily placing him in a security control unit. (Docket #4). Defendant Bradshaw has now filed a motion to dismiss Thompson's

remaining claim on exhaustion grounds.[1] (Docket #6). Mr. Thompson has filed no response.

In defendant Bradshaw's motion to dismiss, she contends that Mr. Thompson's claim against her must be dismissed, despite his allegations related to exhaustion, because he did not "attach any documentary verification."[2] (Docket #6, at 2). Although this Court agrees that Mr. Thompson's complaint must be dismissed in its entirety, it reaches that conclusion on different grounds. As noted above, this Court previously dismissed certain of Mr. Thompson's claims due to his failure to exhaust them. Accordingly, even assuming that Mr. Thompson sufficiently demonstrated exhaustion of his due process claim against Bradshaw, his complaint is a "mixed" complaint, alleging both exhausted and unexhausted claims. When this Court issued its original decision in this case dismissing only certain of Thompson's claims on exhaustion grounds, the Sixth Circuit had not decided the question of "whether exhausted claims in a 'mixed' complaint should be

---

[1] Contemporaneously with this Court's *sua sponte* dismissal order, defendants' filed a motion to dismiss all of Mr. Thompson's claims on exhaustion grounds. (Docket #5). In light of this Courts' prior order, defendant Bradshaw filed a supplement to the initial motion to dismiss submitting that "the legal analysis employed by this Court in granting partial dismissal also supports dismissal of the remaining claim." (Docket #6, at 1).

[2] For all complaints regarding the Warden, Ohio administrative regulations require an inmate to file a grievance directly to the office of the chief inspector, and the chief inspector's decision is final. OHIO ADMIN. CODE § 5120-9-31(L). In his complaint, Thompson alleges that he complied with this procedure with respect to his due process claim against Warden Bradshaw:

> After approximately 2 (two) months of being locked up in security control for no legitimate purpose, plaintiff filed a formal grievance against Defendant Bradshaw with the Chief Inspector.
>
> Within days of filing the grievance plaintiff was released from security control and placed in general population [sic].

(Compl. at ¶¶ 22 and 23).

2

addressed when such claims otherwise meet the pleading requirements or whether such a complaint should be dismissed in its entirety." Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000) (expressly reserving that question for another day). Three days after this Court's initial decision, the Sixth Circuit definitely resolved that question, holding that the total exhaustion rule applies to prisoner complaints covered by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005). Bey requires that "mixed" prisoner condition complaints, alleging both exhausted and unexhausted claims, must be dismissed in their entirety for failure to exhaust administrative remedies. Id. at 805-806.

Accordingly, this Court need not expressly resolve the question of whether Thompson exhausted his administrative remedies with respect to his due process claim against Warden Bradshaw. Even if did exhaust that particular claim, he failed to exhaust his claims. Therefore, based on the total exhaustion rule adopted by the Sixth Circuit in Bey, this Court dismisses Mr. Thompson's entire complaint without prejudice.

   IT IS SO ORDERED.

               /s/Lesley Wells
               UNITED STATES DISTRICT JUDGE

Dated: 24 June 2005